**FIASILI HALECK, RAYMOND M. McMOORE, SESE McMOORE, on behalf of themselves and as shareholders of TRT, Inc., Appellants,**

v.

**TRT, INC., AMERICAN SAMOA 2000, INC., AGAOLEATU C. TAUTOLO, AGAESE ACE TAGO, MURRAY R. DRAKE, RAYMIE P. SNOW, and DOES I - XX, Appellees.**

High Court of American Samoa
Appellate Division

AP No. 01-04

August 31, 2004

Counsel:  For Appellants, Charles V. Ala`ilima
For Appellees, Marshall Ashley, William H. Reardon, and

Dean Hansell and Devin A. McRae, *pro hoc vice*

### ORDER ON MOTION TO DISMISS
### AND TO EXCLUDE TRANSCRIPT

This motion by Appellees to dismiss the appeal and exclude the transcript of the proceedings below from the record on appeal came before the undersigned justice for hearing on July 22, 2004. Appellants are Raymond M. McMoore, Sese McMoore, and Fiasili Haleck, hereafter "Appellants." Appellees are TRT, Inc., American Samoa 2000, Inc., Agaoleatu C. Tautolo, Agaese Ace Tago, Murray R. Drake, and Raymie

P. Snow, hereafter "Appellees." The trial court's decision granting Appellees summary judgment was issued on December 18, 2003. A timely motion for reconsideration or new trial was heard and denied by the trial court on February 20, 2004. Appellants filed a timely notice of appeal and request for estimate of transcript in the instant matter on March 1, 2004. The court reporter filed her estimate with the Court on March 4, 2004. Appellants were then notified by their counsel's office of the fees due, but by March 18, 2004, only one half of the fees had been remitted to counsel. At some later point counsel for Appellants sent an e-mail message directing his staff to pay for the transcript. The court reporter received this payment after-hours on March 26, 2004, with a receipt issuing the following Monday. Apparently unable to complete the transcripts within the 30 days allowed under A.C.R. 11(b), the reporter filed the transcripts on June 14, 2004. Appellees, meanwhile, filed their motion to dismiss the appeal on April 14, 2004.

## Discussion

The structure, funding, and relatively modest early caseloads of the Appellate Division of the High Court dictated the now traditional annual (or even biannual) appellate sessions. Unlike most full time appellate courts that hear and decide cases within weeks after the final reply brief is filed, in this Territory the hearing will normally occur several months after briefing is concluded.

■ One of the many consequences of being able to convene a full panel of justices only one week out of 52 is that interim motions in appeals from lower courts can only be heard by a single justice, whose powers to hear and decide procedural issues of an appeal are severely restricted under the Appellate Court Rules. (Although circular in effect, it is worth noting that the A.C.R.'s restrictions on the powers of a single justice to dismiss are predicated on the timely availability of the full panel to review and decide whether unexcused delays by appellants should foreclose their right to appeal the lower court's decision. In this jurisdiction, however, motions seeking dismissal of an appeal for appellant delays under A.C.R. 10 are themselves delayed because 51 weeks out of every year a full panel is not available to hear and decide such motions.) It is because of the traditionally infrequent appellate sessions that single justices under A.C.R. 31(c) have consistently ruled that in cases where the appellant's failure to timely file a brief precludes that case from being heard at the next appellate session, the appeal will be dismissed. *See Alaimalo v. Sivia*, 17 A.S.R.2d 25, 28 (App. Div. 1990) and *YHT, Inc. v. Progressive Ins. Co.*, 8 A.S.R.3d 3 (App. Div. 2004). Although not clearly articulated in these decisions, the 13 to 23 month delay to appellees that would otherwise result from appellants' lack of diligence appears to have been considered as constituting irremediable prejudice to the appellees.

In the instant matter, Appellants failed to order the transcript, or move this court for enlargement of the time to do so, within 10 days after the reporter filed the estimate on March 4, 2004. *See* A.C.R. 10(b)(1). Appellants delivered payment for the estimated transcript fee to the reporter on March 26, 2004, and were provided a receipt on March 29, 2004, some 12 to 15 days later than required by the A.C.R. The reporter, apparently unable to finish the requested transcripts within the next 30 days following March 29, 2004, filed the transcripts on June 14, 2004, some ten weeks after receipting payment.

Appellees urge the Court to dismiss this appeal under A.C.R. 10 and cite several cases in support of this motion. These cases provide little guidance in deciding this motion. In *Sa`ofetalai v. Aoelua*, 18 A.S.R.2d 1, 2 (App. Div. 1991), the single justice who issued, *sua sponte*, the January 15, 1991 Opinion and Order on Request for Transcript, was merely responding to a disturbing situation in which a bundle of cash appeared on the reporter's desk a few days after the 10-day notice and payment period under A.C.R. 10(b)(1) had expired. A review of that case file shows that, although the opinion stated the offending attorney would have a heavy burden to bear in persuading the Court to grant an extension for requesting the transcript, that attorney did file a motion with an affidavit alleging his clients had difficulty raising the money for the transcript fees. The same justice who issued the January 15, 1991 Opinion granted that motion to enlarge the 10-day notice and payment period by three days, and that case proceeded on appeal before the full appellate panel in early 1992.

With respect to the two *Alaimalo* cases (*Alaimalo v. Sivia*, 16 A.S.R.2d 117 (1990) and *Alaimalo v. Sivia*, 17 A.S.R.2d 25 (1990)), both the single justice and the full panel were presented with a request to enlarge the 10-day period under A.C.R. 10 that was made some eight months after the reporter filed the estimate. Although carefully examining the apparent rule violations presented in the case, the single justice presiding over the initial hearing strictly adhered to Rule 10(b)(5) and referred all issues to the full panel for review. 16 A.S.R.2d at 119. In the *Toluao* case (*Toluao v. Fuimaono*, 21 A.S.R.2d 12 (1992)), the single justice issuing the amended order dismissing the appeal was presented with a factual situation in which the appellants had failed to either timely move the lower court for an amended judgment or new trial or file a notice of appeal within 10 days following the lower court's decision on the motion. A.S.C.A. § 43.0802. Upon realizing that appellants had not filed a brief after filing the (late) Notice of Appeal on March 22, 1991, the single justice first dismissed the appeal in a two-sentence *sua sponte* order under A.C.R. 31(c) on March 12, 1992. Appellants filed a motion for reconsideration on March 27, 1992, and the single justice amended the earlier order with an April 20, 1992 Amended

Order Dismissing Appeal, cited by Appellees here. The Amended Order purports to dismiss the appeal pursuant to A.C.R. 10(b)(5). *Toluao*, 21 A.S.R.2d at 12. Because only the full appellate panel may dismiss an appeal under A.C.R. 10(b)(5), the legal basis for the Amended Order appears to be that the single justice concluded appellants had failed to initially invoke the Appellate Division's jurisdiction under A.S.C.A. § 43.0802. *Id.* at 13. *See generally YHT, Inc.*, 8 A.S.R.3d at 5 n.3 (citing *Opapo v. Puailoa*, 17 A.S.R.2d 30, 31 (App. Div. 1990)).

Finally, Appellees rely on the *YHT, Inc.* case. As previously discussed, in that case the appellant's failure to timely file an opening brief precluded the case from being heard at the next regular appellate session. In the instant case, Appellants' failure to comply with A.C.R. 10 would not impair the full panel's ability to hear and decide this matter at its 2005 session.

## Conclusion

Although under A.C.R. 26(b) a single justice may, for good cause, grant any motion permitting an act to be done after expiration of such time for doing that act (excepting, of course, filing a notice of appeal), as of the date this matter was heard, Appellants had filed no such motion. Their untimely response to Appellees' motion to dismiss was likewise unsupported by a Rule 26(b) motion and has not been considered in this Opinion. Because enlargement or *nunc pro tunc* permission may be granted for good cause shown only upon motion, this single justice is precluded from currently resolving the issues presented by Appellees' motion under Rule 26(b) and must defer to the exclusive jurisdiction of the full appellate panel under Rule 10(b)(5).

Appellees have established that Appellants failed to timely comply with A.C.R. 10(b)(1) and (4), 27(a), and, potentially, 31(a). What has not been even alleged or indicated is how Appellees were prejudiced by Appellants' torpidity. Appellees have not shown that the reporter's completion date for the transcripts would have changed if more timely notice and payment had been made. Even with such a showing, Appellees would still have to demonstrate their ability to fairly litigate this appeal was impaired by this delay.

With respect to Appellees' motions to dismiss this appeal under Rule 10(b)(5) or order that the reporter's transcripts be stricken from the record, both issues are referred to the full panel of the Appellate Division as required under A.C.R. 10(b)(5) and 10(e). Given the current case law and resultant uncertainties as to the consequences of violating Rule 10, a decision of the full panel on these matters will provide bench, bar and court staff with needed clarity in applying, and complying with, this rule.

With respect to Appellees' motion to dismiss this appeal under Rule 31(c), the exercise of discretion to dismiss this appeal for Appellants' failure to timely file an opening brief must await the full panel's decision concerning when the record was filed for purposes of computing the time restrictions under A.C.R. 31(a). In the interests of judicial economy and fairness, all parties shall diligently adhere to the briefing schedules and other applicable court rules so as to be able to fully present and argue the issues raised in the underlying appeal (or such parts as may remain after the panel's decision on Appellees' Rule 10 motions), at the Appellate Division's tentatively scheduled 2005 session. Any supplemental briefs, motions or other documents occasioned by this decision shall be filed with the Court no later than October 15, 2004.

It is so ordered.